IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DAVID S. SCHWARTZ, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) NO. 07-CV-01679 |
| | ) |
| JJF MANAGEMENT SERVICES, INC., et al, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

1.  Do you find that the letter of February 8, 1985 created an express Franchise Agreement that granted to Plaintiffs all of the benefits of a standard franchise, but none of the obligations of a standard franchise and that it was agreed to last forever?

    YES ____ NO ____

    If your answer to question 1 is "YES" you need not answer question 2. If your answer is No, please answer question 2.

2.  Do you find that an implied in fact agreement was created by the conduct of the parties that granted to Plaintiffs all of the benefits of a standard franchise, but none of the obligations of a standard franchise and that it was agreed to last forever?

    YES ____ NO ____

3.  If your answers to both questions 1 and 2 is "NO" do you find that the Plaintiffs are liable to the Defendants for:

    A. Trademark Infringement Damages? YES ____ NO ____

    If "YES" in what amount? _____

    B. Breach of the Warranties of Assignment? YES ____ NO ____

    If "YES" in what amount? _____

## DEFENDANTS' PROPOSED SPECIAL INTERROGATORIES TO JURY

1. Do you find that the February 1985 Letter Agreement grants a Rent A Wreck franchise to the Plaintiffs that entitles the Plaintiffs to all of the benefits of a Rent a Wreck franchise, but does not obligate the Plaintiffs to pay royalties or comply with other obligations imposed on franchisees? YES ____ NO ____

If your answer is "NO" please skip to question 2. If your answer is Yes, please skip to question 3.

2. Do you find that the conduct of the parties between 1977 and 1988 created an implied in fact franchise contract that entitles the Plaintiffs to all of the benefits of a Rent a Wreck franchise, but does not obligate the Plaintiffs to pay royalties or comply with other obligations imposed on franchisees? YES ____ NO ____

3. If you have answered "NO" to Question 2, please skip to Question 4. If you have answered YES to either question, then please answer the following:

   a. If the agreement specified no time that the agreement was intended to last, the law specifies that the time shall be a reasonable period. Do you find that a reasonable time took place after the agreement was created? YES ____ NO ____

   b. If you have answered YES, do you find that the Defendants terminated the agreement after giving the Plaintiffs reasonable notice of their intention to end the agreement? YES ____ NO ____

4. Do you find that Mr. Schwartz breached his implied warranties of assignment? YES ____ NO ____

5. If you find that Mr. Schwartz breached his warranties of assignment, what amount of damages, if any, do you find resulted from the breach $_____

6. Do you find that the Plaintffs have infringed on the Defendants' trademark since October 28, 2006? YES ____ NO ____

7. Do you find that after October 28, 2006 the Defendants acquiesced to the Plaintiffs' infringment? YES ____ NO ____

8. If your answer to the proceeding question is "NO," what is the amount of damages that the Defendants suffered? $_____

9. Do you find from the evidence, and as instructed by the Court, that in order to establish a reasonable presence of RAWA franchisees in the Los Angeles market, RAWA will be required to expend funds in advertising and other costs to achieve this result? YES ____ NO ____

10. If your answer to the proceeding question is "YES," what is the amount that

2

RAWA must reasonably spend to establish franchises in the Los Angeles market?
$ _____

Respectfully submitted,

/s/
George W. Shadoan, Bar No. 02541
SHADOAN, MICHAEL & WELLS, LLP
108 Park Avenue
Rockville MD 20850
(301) 762-5150

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Proposed Special Verdict Form and Proposed Special Interrogatories to Jury has been served March 25, 2010, by electronic filing upon:

Roger Simmons, Esquire
Brian M. Maul, Esquire
Jacob Weddle, Esquire
Gordon & Simmons, LLC
603-B West Patrick Street
Frederick, MD 21701

/s/
GEORGE W. SHADOAN
