# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAVID SCHWARTZ, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Civil No. PJM 07-1679 |
| **J.J.F. MANAGEMENT SERVICES, INC., et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

One prominent issue in this case has been whether the jury's responses to the Special Interrogatories submitted at the close of trial are binding upon the Court or merely advisory. It appears that Defendants, in their initial Answer and Counter-claim, did pray for a jury trial on all issues triable to a jury. *See* Answer and Counterclaims of Defendants Rent-A-Wreck of America, Inc., and Bundy American, LLC [Paper No. 15] (stating that "Counter-claimants, through their attorneys, demand a trial by jury on all the issues except those that are triable by nonjury"). Despite Defendants' prayer for a jury trial, Plaintiffs argue that the jury's responses are solely advisory in nature. Although Defendants have consistently maintained that there has never been a franchise contract in favor of Plaintiffs, at oral argument on the post-trial motions, for the first time, Defendants took the position that insofar as the jury's findings have any relevance, they are binding on the Court because the findings resolved issues of contested facts.

There is authority to the effect that in mixed cases, legal questions are tried by a jury and are not advisory in nature. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73 (1962).

Additionally, there is authority that suggests that cases that seek only a declaratory judgment may be tried by a jury whose function is not merely advisory. *See Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 504 (1959) (holding that the Declaratory Judgment Act preserves the right to a jury trial for both parties). The interesting aspect of this case, however, is that Defendants actually objected to the submission of special interrogatories to the jury with respect to the existence or terms of a contract in favor of Plaintiffs, again taking the position that there never was a contract between the parties or, if there was, that it was superseded by other arrangements. The Court, of course, had discretion not to submit the special interrogatories to the jury at all, but felt that, at a minimum, the jury's responses, if not binding, could at least serve to advise the Court as to how impartial laymen might view the dealings of the parties (and their predecessors in interest).

As it turns out, the Court finds itself in agreement with the core findings of the jury – that a franchise agreement for the specifically defined West Los Angeles area, measured by the life of David Schwartz, exists in favor of Plaintiffs. Accordingly, whether those findings of the jury are advisory or binding in nature is ultimately academic. As for as the jury's findings that the Court is unable to accept, i.e. that Plaintiffs do not enjoy the right to use the trade name and trade mark Rent-A-Wreck or receive the same benefits as RAWA franchisees without the obligations and that these rights are not royalty free, the Court is prepared to reject those findings on two bases.

First, insofar as the findings are merely advisory, the Court reaches contrary conclusions based on its own consideration of the evidence.

Alternatively, insofar as those jury's findings are binding, the Court grants Plaintiffs' Renewed Motion for Judgment and their Motion for Judgment Notwithstanding the Verdict as to those particular findings. In reviewing Plaintiffs' Motions, the Court must determine whether "there is no substantial evidence to support the verdict asked of the jury." *Business Dev. Corp. of North Carolina v. United States*, 428 F.2d 451, 453 (4th Cir. 1970) (citations omitted). In so doing, the Court considers "all of the evidence favorable to the position of the party opposing the motion as well as any unfavorable evidence that the jury is required to believe." *St. Paul Fire & Marine Ins. Co. v. Vaughn* (779 F.2d 1003, 1008 (4th Cir. 1985). Specifically, the Court must take into account all the evidence, not just that favorable to the non-mover. *See Lovelace v. Sherwin-Williams, Co.,* 681 F.2d 243 n. 14 (4th Cir. 1982) ("Though it is axiomatic that in ruling on this motion, courts are to consider the evidence in the light and with all inferences most favorable to the party opposing the motion, they should do so on the basis of all the evidence, not just that favorable to the non-mover."). In order to find in favor of Plaintiffs, the Court must find that it was shown during trial by "uncontradicted and unimpeached evidence" that Plaintiffs enjoy the same rights and benefits as other RAWA franchisees (including the right to use the trade name and trademark Rent-A-Wreck), without the obligations, and that Plaintiffs' franchise is royalty free. *See St. Paul Fire*, 779 F.2d at 1008. After a review of the entire record, the Court finds that Plaintiffs' evidence with respect to these specific terms of their franchise contract was indeed "uncontradicted and unimpeached," otherwise overwhelming, and that there was no substantial evidence to the contrary.

Accordingly, for the foregoing reasons, in granting in part Plaintiffs' Renewed Motion for Judgment and their Motion for Judgment Notwithstanding the Verdict, the Court finds that

Plaintiffs do enjoy the same rights and benefits as other RAWA franchises without the obligations (including, but not limited to the right to use the trade name and trademark Rent-A-Wreck without the obligations), and that Plaintiffs' franchise is royalty free. As stated above, all other findings of the jury remain intact.

Separate Orders will issue.


**September 23, 2010**                                   /s/
                                          **PETER J. MESSITTE**
                                     **UNITED STATES DISTRICT JUDGE**