UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**  6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE  GREENBELT, MARYLAND  20770
 301-344-0632

# M E M O R A N D U M

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: <u>Schwartz, et al. v. Rent-A-Wreck of America, Inc., et al.</u>
Civil Case No. 07-1679

DATE: May 17, 2013

******

The Court has received the parties' separate proposed Pre-Trial Orders, as well as Plaintiffs' Letter of May 15, 2013.

The proposed Pre-Trial Orders raise several concerns:

1) Defendants' counsel appear to have been less than fully cooperative in the preparation of the Pre-Trial Order, as required by Local Rule, in terms of timely compliance. Nothing would have impeded the timely integration into one single document the respective submissions of the parties, regardless of the divergence of their positions. As a result, the Court has been constrained, at the last minute, to compile a single document, a task counsel could easily have accomplished.

2) Both sides may mis-apprehend what the upcoming trial will deal with.

    It is exclusively for a jury to determine, as the Fourth Circuit has stated:

    "[w]hether the exclusive territory provision forecloses competition in a substantial share of the market for rental cars."

    Except for Defendants' counter-claim asserting a § 16000 claim (Dkt. 434), no counter-claim or defense to a counter-claim will be heard at this time by this jury. Insofar as those claims and defenses may be viable, they will be heard at a subsequent time in a subsequent proceeding.

3) The Court will not prior to this jury proceeding hear oral argument on Plaintiffs' Motion for Summary Judgment or Defendants' Motion to Alter or Amend Judgment.

4) Defendants continue to insist that Plaintiffs are subject to all the written terms and conditions of the Rent-A-Wreck-of-America, Inc. ("RAWA"), 2011 Franchise Agreement, acknowledging certain exceptions including no royalty obligation and no amendments that might affect that term. This Court has already determined that Plaintiffs are not subject to the written terms of a written RAWA Franchise Agreement, only that Plaintiffs are subject to terms comparable to the written terms, but not to terms never previously considered by this Court, the prior jury, or the Fourth Circuit, particularly those which would effectively jeopardize Plaintiffs' continued existence as a royalty-free franchisee. The issue of which terms pertain to the latter category has been severed by the Court for separate treatment.

5) Finally, in connection with the issue that will be considered by the upcoming jury: The question is what market, if any, is foreclosed by Plaintiffs' franchise. The Fourth Circuit and this Court have found that Plaintiffs are essentially a "franchisee," although the parties may offer some background evidence in this regard.

6) The issue of the appropriate market remains:

   a. Plaintiffs appear to define the affected line of commerce as "rental cars" in general, with the market being the Los Angeles metropolitan area.

   b. Defendants define the affected line of commerce as "the sale of Rent A Wreck brand franchises for renting and leasing used motor vehicles that are less than eight years old" and the market area as "the Los Angeles metropolitan area, including Los Angeles International Airport (LAX), with the exception of certain areas and communities to the north of Los Angeles." (Defendants also define their "affected line of commerce" in their Amended Counterclaim as "the rental and leasing of used motor vehicles that are less than eight years old.")

   c. The Fourth Circuit has referred only to a "market for rental cars."

In comparable antitrust litigation, parties to a dispute over markets are ordinarily free to define the markets that they wish to show are affected. *See, e.g., Rebel Oil Co. Inc. v. Atlantic Richfield Co.,* 51 F.3d 1421, 1434-45 (9th Cir. 1995). However, in some instances, one party may attempt to define a market that is so far-fetched that the Court is obliged to take over determination of the appropriate market. *See, e.g., Tanaka v. University of Southern California,* 252 F.3d 1059, 1063-64 (9th Cir. 2001).

In this case, Defendants, among other things, wish to show and argue that other RAWA franchisees are precluded from entering Plaintiffs' franchise area. But that is the very purpose of an exclusive franchise (which is legal under California law)—other franchisees of the same franchise are by definition excluded from the franchise forecloses competition in a substantial share of the market. By this definition, Plaintiffs lose automatically. Defendants may, for example, attempt to show that non-RAWA entities wishing to rent new or used cars are excluded from Plaintiffs' franchise area, or even perhaps (the Court will reserve final ruling on this) that entities wishing to rent used vehicles less than 8 years old are excluded. But Defendants will not be able to present

evidence or argue that potential RAWA franchisees are excluded from Plaintiffs' franchise territory. That goes without saying.

/s/  
PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

CC: Court file