IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID SCHWARTZ, et al.** | \* |
| Plaintiffs/Counterclaim Defendants, | \* |
| v. | \* Civil No. **PJM 07-1679** |
| **RENT-A-WRECK OF AMERICA, INC., et al.** | \* |
| Defendants/Counterclaimants. | \* |

## MEMORANDUM OPINION & ORDER

The issue before the Court is which party has the burden of proof at the trial on the Amended Counterclaim of Defendants Rent-A-Wreck of America, Inc. and Bundy American, LLC (together, "RAWA"). RAWA asserts that Plaintiffs, David Schwartz and Rent-A-Wreck, Inc. (together, "Schwartz") do, and Schwartz asserts that the burden is RAWA's. The parties submitted briefing on this issue in their November 2012 briefs regarding trial issues (Dkts. 420 & 421). For the reasons discussed below, the Court holds that the burden of proof is on Defendants/Counterclaimants RAWA.

\* \* \*

RAWA's Amended Counterclaim seeks a declaratory judgment that the exclusive territory provision in the franchise grant to Schwartz is an unlawful restraint of trade, void and unenforceable under California law because it forecloses competition in a substantial share of the market in violation of §16600 of the California Bus. & Prof. Code. The Court, then, sees this as an antitrust inquiry, and in antitrust cases, the burden typically falls on the plaintiff, which is to say the party seeking to establish the antitrust claim (of course, as here, the "Plaintiff" may in

1

fact be a Counter-Plaintiff). *See, e.g., U.S. v. Arnold, Schwinn & Co.,* 388 U.S. 365, 374 n.5 (1967); *Theme Promotions, Inc. v. News Am. Mktg. FSI,* 546 F.3d 1991, 1001 (9th Cir. 2008). The plaintiff has the burden to demonstrate that the complained-of conduct has the requisite anti-competitive effect. *See Exxon Corp., v. Superior Court of Santa Clara County,* 60 Cal. Rptr. 2d 195, 200 (Cal. Ct. App. 1997).

The burden in antitrust cases falls on plaintiffs generally as well as in antitrust-inquiries into exclusive dealing arrangements. *See Theme Promotions, Inc.,* 546 F.2d at 1001. (discussing that person opposing restraint of trade under Cartwright Act, Cal Bus. & Prof. Code § 16720, et seq. would need to prove by a preponderance of the evidence that provisions agreed to constituted restraint of trade); *DaytonTime Lock Serv., Inc. v. Silent Watchman, Corp.,* 52 Cal. App. 3d 1, 681-82 (Cal. Ct. App. 1975) (plaintiff contended anticompetitive provisions of agreement violated state and federal antitrust laws; plaintiff did not develop material evidence on these issues at trial). The party challenging the exclusive arrangement must show that it substantially affects competition.

Importantly, in *Fisherman's Wharf Bay Cruise Corp. v. Superior Court,* 114 Cal. App. 4th 309, 335 (Cal. Ct. App. 2003), which the Fourth Circuit looked to (along with *Dayton)* for guidance in directing the remand here, the burden was clearly delineated to be on the party seeking to avoid the exclusivity arrangement. In that case, Red and White sought to void the exclusive dealing arrangements of its competitor, Blue & Gold. The *Fisherman's Wharf* court stated that "Red and White had to 'evince a substantially adverse effect on competition in the relevant market to support a viable legal theory.'" *Id.* at 335 (citations omitted). Here, RAWA, as the party alleging antitrust injury, will need to do the same.

RAWA's cases do not convince otherwise. RAWA cites *Scott v. Snelling, Inc.,* 732 F. Supp. 1034 (N.D. Cal. 1990), a case in which the court initially stated that "the allocation of burdens of proof is irrelevant, for the most part" (as it was dealing with a question of law). *Id.* at 1038. The *Scott* court went on to state that the restrictive covenant could be enforced *if* the competition it foreclosed involved unfair competition, because, for example, it involved use of trade secrets. The court held that the burden was on Snelling as "the party asserting the existence of a trade secret." *Id.* at 1038. Snelling would have the burden at trial of demonstrating he had a trade secret. *Id.* at 1043. The fact that Snelling bore the burden of showing the existence of trade secret, and thus the burden of showing that unfair competition through the use of trade secrets would result if the covenant was not enforced does not mean that in a non-trade secret case the burden should be placed on the person seeking to uphold the covenant. There is no reason to read *Scott* so expansively.[1]

RAWA additionally asserts that "many, many courts, in various jurisdictions" have held that the proponent of the covenant bears the burden of the proof. (Dkt. 421 at 5.) As RAWA cites only a single case from the state of West Virginia in support of this proposition, the Court is not persuaded by this reasoning.

\* \* \*

---

[1] It is true that *Scott,* a 1990 U.S. District Court case from California, dealt with Cal. Bus. & Prof. Code § 16600, the provision at issue here, whereas *Fisherman's Wharf,* a 2003 California state appellate court's interpretation of a state law, was brought under Cal. Bus. & Prof. Code § 16720 et seq. Whatever a federal court interpreting state law may have said 23 years ago is clearly trumped by what a state appellate court interpreting a comparable state law provision said 10 years ago. In any event, the Fourth Circuit has found the rationale of *Fisherman's Wharf* applicable in the § 16600 context—the provision at issue here.

3

In this antitrust injury case, following the guidance of *Fisherman's Wharf* and the weight of California authority, the burden of proof is on the Defendants/Counterclaimants RAWA.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**SO ORDERED:**

**DATE:** **May 24, 2013**