## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID SCHWARTZ, *et al.*,** | * |
| | * |
| Plaintiffs and Counter-Defendants | * |
| | * |
| v. | *         Civil No. **PJM 07-1679** |
| | * |
| **RENT-A-WRECK OF AMERICA, *et al.*,** | * |
| | * |
| Defendants and Counter-Claimants | * |

### MEMORANDUM OPINION

This case involves a dispute between Plaintiffs and Counter-Defendants David Schwartz

and Rent A Wreck, Inc. (hereinafter, collectively "Schwartz") and Defendants and Counter-

Claimants Rent-A-Wreck of America, Inc. and Bundy American, LLC (hereinafter, collectively

"Rent-A-Wreck"), over Schwartz's operation of a Rent-A-Wreck franchise in West Los Angeles,

California. The Court issued a Final Order of Judgment on Remand in this matter on August 23,

2013. ECF No. 507.[1] On March 10, 2015, the United States Court of Appeals for the Fourth

---

[1] This case has a long procedural history. Schwartz filed suit against Rent-A-Wreck in June 2007. In the most recent iteration of the Complaint, Schwartz sued for declaratory judgment, specific performance, and breach of contract. In response, Rent-A-Wreck filed various counterclaims, one of which asserted that the Schwartz franchise violated California competition law and was therefore unlawful as a restraint on trade. The parties' claims proceeded to trial in April 2010. The jury found that Schwartz had a contract with Rent-A-Wreck with respect to Schwartz's operation of a used car rental business in West Los Angeles and that the contract afforded Schwartz the exclusive right to operate a Rent-A-Wreck franchise in West Los Angeles. Rent-A-Wreck subsequently moved under Federal Rule of Civil Procedure 50 to set aside portions of the jury's verdict, arguing that California competition law rendered the exclusivity provision *void ab initio*. The Court denied Rent-A-Wreck's Rule 50 Motion. It then entered a Final Order of Declaratory Judgment on September 23, 2010. ECF No. 344. On March 9, 2011, the United States Court of Appeals for the Fourth Circuit issued an opinion affirming in part, vacating in part, reversing in part, and remanding for further proceedings. ECF No. 395. Of relevance, the Fourth Circuit instructed the Court to submit to a jury the question of whether the exclusive territory provision of the contract forecloses competition in a substantial share of the market for rental cars, and therefore whether Schwartz's franchise is void under California law, as asserted by Rent-A-Wreck. After a second jury trial, the jury found that Schwartz's exclusive territory agreement does *not* foreclose competition in a substantial share of the market for rental cars. Accordingly, the Court entered a Final Order of Judgment on Remand in favor of Schwartz on Rent-A-Wreck's counterclaim and closed the case.

1

Circuit issued an opinion affirming the Judgment. ECF No. 517. That court's mandate issued on April 2, 2015. ECF No. 519.

Thereafter, Schwartz filed a Bill of Costs, seeking $32,665.21 in costs from Rent-A-Wreck. ECF No. 518. On April 1, 2016, the Clerk of Court issued an Order Taxing Costs in favor of Schwartz and against Rent-A-Wreck in the amount of $13,405.11. ECF No. 525. Now pending before the Court is Rent-A-Wreck's timely Motion to Review Clerk's Order Taxing Costs (ECF No. 526), in which Rent-A-Wreck asks that the Court reject Schwartz's Bill of Costs in its entirety or, in the alternative, reduce the Clerk's award of costs by $4,442.83. Having considered Schwartz's Bill of Costs, the Clerk's Order Taxing Costs, and the parties' briefings with respect thereto, the Court **DENIES** Rent-A-Wreck's Motion to Review (ECF No. 526) and **AFFIRMS** the Clerk's Order Taxing Costs (ECF No. 525).

## I.

Federal Rule of Civil Procedure 54(d) provides, in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." As the Fourth Circuit has stated, this "rule creates the *presumption* that costs are to be awarded to the prevailing party." *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)) (emphasis added). Twenty-eight U.S.C. § 1920 sets forth the costs that a judge or clerk of any United States court may award.[2] These "costs are limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).

---

[2] These costs are:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6)

In this District, the Clerk of Court is entrusted with the taxation of costs in the first instance. *See U.S. District Court for the District of Maryland Guidelines for Bills of Costs* § I.A (2013) (hereinafter "*Guidelines*"; *see also* Fed. R. Civ. P. 54(d) (providing that the "clerk may tax costs on 14 days' notice"); *Taniguchi*, 132 S. Ct. at 2006 (noting that "the assessment of costs" is often a "clerical matter" that can be "done by the clerk") (internal citations and quotations omitted). The Clerk's discretion to tax costs is limited, however: the Clerk may not tax costs not permitted by statute, case law, or Local Guidelines. *See Guidelines* § I.A. Rule 54(d) provides that, if a party objects to the costs awarded by the Clerk, it may file a motion within seven days of the Clerk's order, asking a court to conduct a *de novo* review. *See* Fed. R. Civ. P. 54(d); *see also Young v. United Parcel Service, Inc.*, No. CIV.A. DKC 08-2586, 2014 WL 858330, at \*1 (D. Md. Mar. 4, 2014). If a district court ultimately chooses not to award costs, it "must justify its decision" by "articulating some good reason" for not doing so. *Cherry*, 186 F.3d at 446 (internal citations and quotations omitted). "[O]nly misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." *Id.* (quoting *Congregation of the Passion, Holy Cross Province v. Touch, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)).

## II.

Rent-A-Wreck first argues that the Clerk should have rejected Schwartz's *entire* Bill of Costs because (1) Schwartz was not "shown to be the prevailing party" in this litigation because he did not succeed on all claims, and, relatedly, (2) Schwartz did not "differentiate" the costs associated with his successful claims from those associated with his unsuccessful claims. Rent-A-Wreck's Mot. Objecting Clerk's Order Taxing Costs ("Rent-A-Wreck's Mot.") 3-5, ECF No.

---

Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
28 U.S.C. § 1920.

526. In response, Schwartz asserts that, after two trials, he is unquestionably the prevailing party, having received a substantial amount of the relief sought: that is, a declaration that he has the exclusive right to operate the West Los Angeles Rent-A-Wreck franchise. Schwartz's Resp. in Opp'n 3-5, ECF No. 527. As Schwartz argues, a prevailing party need not succeed on all of its claims to be awarded costs. *Id.* Moreover, there is no requirement for differentiating costs between those associated with successful claims and those associated with unsuccessful claims. *Id.* 5.

The Court agrees with Schwartz.

**A.   Whether Schwartz Is a "Prevailing Party"**

"To be deemed a prevailing party" for purposes of taxing costs under Rule 54(d), "a plaintiff must prevail on '*any significant claim* affording some relief sought.'" *Broccoli v. Echostar Comm'ns Corp.*, 229 F.R.D. 506, 515 (D. Md. 2005) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 2791 (1989)) (emphasis added); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 603 (2011)) (noting that a prevailing party is "a party in whose favor judgment is rendered, regardless of the amount of damages awarded"). Accordingly, a party need not recover on all of its claims for relief to be considered a "prevailing party" – just the "significant" ones. *See Broccoli*, 229 F.R.D. at 515; *see also Fernandes v. Montgomery Cty., MD*, No. CIV. SAG-10-752, 2013 WL 6330705, at *1 (D. Md. Dec. 3, 2013) (holding that the plaintiff was the prevailing party even though he succeeded on only one of his several constitutional and tort claims); *Garonzik v. Whitman Diner*, 910 F. Supp. 167, 168 (D.N.J. 1995) ("A prevailing party is the one in whose favor a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof.") (internal citations omitted); *All W. Pet Supply Co. v. Hill's Pet*

*Products Div., Colgate-Palmolive Co.*, 153 F.R.D. 667, 669 (D. Kan. 1994) (noting that, in general, the prevailing party is "the party who won at trial, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded") (internal citations omitted).

In the most recent version of the Complaint, Schwartz sought (i) a declaratory judgment that he enjoys the exclusive right to operate a Rent-A-Wreck franchise in West Los Angeles and (ii) an order of specific performance, directing Rent-A-Wreck to make his franchise available to potential customers through its directories and webpages. Second Am. Complaint, ECF No. 167. After two jury trials and two appeals, Schwartz has obtained this relief. *See* Final Order Declaratory J., ECF No. 344; March 2, 2011 Order, ECF No. 382; Final Order J. Remand; USCA J., ECF No. 517. Although Rent-A-Wreck suggests that, in order to be considered the "prevailing party," Schwartz had to prevail on each and every argument made or position taken throughout the course of this litigation, *see* Rent-A-Wreck's Mot. 3-4, such a contention does not accord with the law. Schwartz need only succeed on his *significant* claims, and he clearly has done so here.  For these reasons, the Court concludes that Schwartz is thus unquestionably the "prevailing party" in this litigation.

### B. Whether Schwartz Is Required to Differentiate Costs

Rent-A-Wreck points to no binding legal authority that requires a prevailing party to differentiate the costs associated with successful claims from those associated with unsuccessful claims, nor is the Court aware of any. Such a rule, moreover, would make little sense in the context of a party that has prevailed on its significant claims, but not all of its claims. Consider, for example, a plaintiff who succeeds on two out of three of his or her related claims in a tort suit. How would a clerk or a court tax an expense like the filing fee paid in the case? Would the

plaintiff be entitled to reimbursement of only two-thirds of the filing fee? The Court rejects the suggestion by Rent-A-Wreck that Rule 54(d) operates in this manner.

The presumption in the law is that the prevailing party is entitled to costs, regardless of the amount of damages awarded. *See Buckhannon*, 532 U.S. at 603. The presumption is *not* that a prevailing party is entitled only to partial costs which can be tied directly to a successful claim. The latter rule would be unworkable, especially in the present case. Here, the costs actually taxed by the Clerk of Court – filing fees, private process server fees, fees for transcripts of certain key witnesses, and costs for copies of documents filed with the Fourth Circuit, *see* Clerks' Order Taxing Costs – would be nearly impossible to parse or assign to Schwartz's successful or unsuccessful claims, especially in light of the fact that Schwartz's claims were all interrelated. Absent clear indication that any of the taxed costs are attributable to particular claims (successful or unsuccessful), the Court agrees with the Clerk's decision to award the costs to Schwartz.[3]

## III.

In the alternative, Rent-A-Wreck argues that the Court should reduce the costs awarded to Schwartz by $4,442.83, which is the total of the expenses taxed by the Clerk for transcripts from the following five depositions: (1) the first deposition of David Schwartz, the Plaintiff and Counter-Defendant; (2) the deposition of Penny Cannon; (3) the deposition of Michael LaPlaca; (4) the deposition of Richard Solomon; and (5) the second deposition of James Tennant. Rent-A-Wreck asserts that the transcript for the first deposition of David Schwartz should not be taxed because the witness was unprepared for the deposition, and Rent-A-Wreck argues that the transcripts of the other identified individuals should not be taxed because the individuals did not

---

[3] Even if failing to differentiate costs could be considered an error in this context, the court does not consider it a "good reason" for "depart[ing] from the normal practice of awarding fees to the prevailing party." *See Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (internal citations and quotations omitted).

testify at trial. Rent-A-Wreck's Mot. 5-8. In response, Schwartz argues that all of these depositions were reasonably necessary at the time of their taking. Schwartz's Resp. Opp'n 6-10. As Schwartz reasons, it was therefore appropriate for the Clerk to tax the fees for the associated deposition transcripts. *Id.*

The Court again agrees with Schwartz.

Rent-A-Wreck's arguments that certain deposition costs should not be taxed because the individuals did not subsequently testify at one of the trials misunderstands the law. The costs of a deposition taken by the prevailing party are recoverable under 28 U.S.C. § 1920(2) if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 588 (D. Md. 2004) (quoting *Cherry*, 186 F. 3d at 449). In applying this rule, "costs associated with a deposition are commonly awarded 'when the taking of the deposition is reasonably necessary at the time of its taking.'" *Wyne*, 329 F. Supp. 2d at 588 (quoting *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)).

In reviewing the depositions challenged by Schwartz, the Court views all to have been reasonably necessary at the time of their taking.

David Schwartz was a party to the litigation and corporate designate of his co-Plaintiff, Rent A Wreck, Inc. He also testified at both trials. Rent-A-Wreck's suggestion that David Schwartz's first deposition was not reasonably necessary at the time of its taking is dubious, at best. While the Court acknowledges that Rent-A-Wreck had to depose David Schwartz a second time because he could not provide certain information about the accounting of Rent A Wreck, Inc., *see* Rent A Wreck's Mot. 5-6, the Court does not view this circumstance as a sufficiently compelling reason to overcome the presumption that the costs associated with the taking of David Schwartz's first deposition should be taxed.

7

Penny Cannon was Rent-A-Wreck's former Director of Franchise Services. Michael LaPlaca, Esquire, was Rent-A-Wreck's counsel for franchising matters. Both parties designated these two individuals as potential witnesses at the first trial. Joint Proposed Pretrial Order 18, 20, ECF No. 203. Schwartz, in particular, viewed both witnesses as beneficial to his case in chief because they could offer information on the implied contract governing the franchise agreement between Schwartz and Rent-A-Wreck. Schwartz's Bill of Costs Mem. Supp. 13-14, ECF No. 518-1. The depositions of both these individuals were thus reasonably necessary at the time of their taking.

Richard Solomon was deposed by Rent-A-Wreck's counsel with respect to the revenue streams and finances of Schwartz's franchise. Schwartz designated Solomon as a witness at the first trial. Joint Proposed Pretrial Order 18. Rent-A-Wreck also designated excerpts of Solomon's deposition for use at the first trial during their case in chief. *Id.* 24. Solomon's deposition was thus reasonably necessary at the time of its taking.

James Tennant was an expert witness originally designated by Rent-A-Wreck to opine on the viability of its counterclaim during the second trial – i.e., whether an exclusive territorial provision, such as that contained in Mr. Schwartz's 1985 Letter Agreement, forecloses competition in a substantial share of the market of the affected line of commerce in Los Angeles. Since this counterclaim was the focus of the second trial, the second deposition of Tennant was reasonably necessary at the time of its taking, even if Rent-A-Wreck ultimately decided to change its theory of the case.

Because all of the challenged depositions were reasonable necessary at the time of their taking, costs of transcripts were appropriately taxed to Rent-A-Wreck. Accordingly, the Court

rejects Rent-A-Wreck's request to reduce the Clerk's Order Taxing Costs by the costs associated with the deposition transcripts of the above five individuals.

**IV.**

For the foregoing reasons, the Clerk's Order Taxing Costs (ECF No. 525) is **AFFIRMED** and Rent-A-Wreck's Motion to Review Clerk's Order Taxing Costs (ECF No. 526) is **DENIED**.

Rent-A-Wreck **SHALL** pay costs in the amount of **$13,405.11** to Schwartz within thirty (30) days. If Rent-A-Wreck chooses to appeal this Order, Rent-A-Wreck **SHALL** post bond in the amount of $25,000.00, which would cover not only the amount of costs incurred, but any possible future costs associated with such appeal.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

July ___, 2016

9